IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE G. WASHINGTON, | : | |
| Plaintiff, | : | No. 4:07-CV-1231 |
| v. | : | Judge Jones |
| CHARLES JOHNSON, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

July 31, 2008

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court are two (2) Motions to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion(s) to Dismiss"): the first Motion was filed by Defendants Charles Johnson ("Johnson") and John A. Palakovich ("Palakovich") on December 24, 2007, and the second Motion was filed by Ronald Long, M.D. ("Dr. Long"), on December 31, 2007. (See Rec. Docs. 19, 22). For the reasons that follow, we will grant both of the Motions to Dismiss and dismiss this action.

## PROCEDURAL HISTORY:

On July 9, 2007, Plaintiff Lawrence Washington ("Plaintiff") initiated this

1

civil rights action by filing a Complaint. (See Rec. Doc. 1).

On December 24, 2007, Johnson and Palakovich filed their Motion to Dismiss (doc. 19), and on December 31, 2007, Dr. Long submitted his Motion to Dismiss (doc. 22). Briefs in support of the Motions have been filed (see docs. 23, 24), but to date, Plaintiff has not filed any briefs in opposition.[1] As the time period in which Plaintiff could have filed such briefs has long since passed, the Motions are ripe for our disposition.[2]

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under

---

[1] Plaintiff's August 21, 2007 letter to this Court (doc. 14), which requests that the docket be changed to reflect Plaintiff's recent, but temporary move to a halfway house, leads us to suspect that Plaintiff is no longer in state custody. Our suspicion would appear to be supported by our preliminary searches using the inmate locator on Pennsylvania's Department of Corrections website, which could identify no current inmate matching identifying information for our Plaintiff. See http://www.cor.state.pa.us/inmatelocatorweb/. If our suspicion as to Plaintiff's custody status is correct, then it would perhaps explain why Plaintiff has apparently lost interest in prosecuting this action, as evidenced by his failure to provide a more recent permanent address or commence payment of the filing fee.
Incidentally, Plaintiff's failure to afford this Court with a valid current address appears to have prevented Plaintiff from receiving or responding to the currently pending Motions.

[2] We note that pursuant to Local Rule 7.6, we could grant the Motions to Dismiss as unopposed based on Plaintiff's failure to file any briefs in opposition. However, the more prudent and appropriate course of action is to consider the Motions on the merits, and we do so herein.

any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief," and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d at 232 (citing Twombly, 127 S. Ct. at 1965 n.3). "[A] complaint must allege facts suggestive of [the proscribed] conduct," and the "[f]actual allegations must be enough to raise a right

3

to relief above the speculative level." Twombly, 127 S. Ct. at 1965, 1969 n.8. Therefore, "stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965 n.3).

On the other hand, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231 (citing Twombly, 127 S. Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

## FACTUAL BACKGROUND:

As required by the standard of review applicable to the instant Motions, our summary herein is drawn from our liberal reading of the brief allegations contained in Plaintiff's Complaint. (See Rec. Doc. 1 at 2). We have accepted such allegations as true for the purposes of this Memorandum.

In the morning of November 6, 2006, Plaintiff, then an inmate at SCI-Smithfield, was working at said institution's power plant when a detachable steel railing fell from fifteen (15) feet above. The railing struck Plaintiff on the head, causing Plaintiff to lose consciousness. Johnson, the power plant's manager, had

been responsible for ensuring that the railing was secure.

In the morning of November 7, 2006, Plaintiff returned to work with severe headaches. It is unclear whether it was that morning or the next day, but Plaintiff's supervisor, identified only as Steve, sent Plaintiff to "right to medical." Id. at ¶ IV(2). Despite still suffering headaches, neck pain, and black outs, the only treatment Plaintiff received was Tylenol. Plaintiff contends that this was not the proper treatment as no scans or x-rays were ordered.

Finally, on December 8, 2006, Plaintiff wrote to Palakovich about the above described events, but the only response he received was Palakovich's blaming of Plaintiff for what happened.

## DISCUSSION:

Plaintiff's Complaint does not specify the nature of his claims; however, liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972), the Complaint attempts to state claims against SCI-Smithfield staff under 42 U.S.C. § 1983 as Plaintiff appears to be alleging that officials acting under the color of state law denied him certain constitutional rights. More specifically, Plaintiff appears to assert that three (3) SCI-Smithfield staff members violated his Eighth Amendment rights. With respect to Superintendent Palakovich and Plant Manager Johnson, Plaintiff appears to contend that they failed to provide Plaintiff with reasonably

safe conditions at the power plant, and that this was the cause of injuries Plaintiff suffered on November 6, 2006. As to Dr. Long, Plaintiff appears to allege that he was deliberately indifferent to Plaintiff's injuries which resulted from the November 6, 2006 incident.

Both Motions to Dismiss seek dismissal of Plaintiff's claims on the ground that at best, the Complaint alleges negligence on the part of SCI-Smithfield staff members: Johnson, Palakovich, and Dr. Long. In short, Defendants argue that negligence is not a sufficient basis for the asserted 42 U.S.C. § 1983 claims, and, thus, that the Complaint should be dismissed.

The logical starting point of our analysis for these claims is consideration of the text of § 1983. It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. "In order to prevail in a § 1983 action, a plaintiff must establish (1) that 'the conduct complained of was committed by a person acting under color of state law' and (2) that the 'conduct deprived a person of rights, privileges or immunities secured by the Constitution or the laws of the United States." Shaw by

Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981)).

As to the particular types of 42 U.S.C. § 1983 claims that Plaintiff has attempted to allege here, we note first that to state a viable Eighth Amendment failure to protect claim, a plaintiff must allege: "(1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) the prison officials involved had a sufficiently culpable state of mind, or knew of and disregarded an excessive risk to his health or safety." Quinn v. Palakovich, 204 Fed. Appx. 116, 118 (3d Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997)). Notably, in its consideration of a failure to protect claim, the Third Circuit has held that "conduct amounting to no more than negligence cannot constitute a violation of the constitutional right . . . regardless of whether the conduct is better characterized as nonfeasance or misfeasance." Strackhouse, 920 F.2d at 1143 (internal citations omitted).

In order to allege a viable Eighth Amendment deliberate indifference to a medical need claim, a plaintiff must aver: "(1) the existence of serious medical needs; and (2) the official's deliberate indifference to those needs." Ham v. Greer, 269 Fed. Appx. 149, 151 (3d Cir. 2008) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). Significantly, "in the context of deliberate indifference

7

claim[s] based on failure to provide adequate medical treatment, 'it is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference.'" Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 n.2 (3d Cir. 2001) (quoting Rouse, 182 F.3d at 197 (some internal quotations omitted). See also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (noting that "in the medical context, an inadvertent failure to provide medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). In light of Plaintiff's allegations in this action, we note also that in Estelle, the Supreme Court held that "the question whether an X-ray – or additional diagnostic techniques or forms of treatment – is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." Id. at 107.

Viewing the allegations in Plaintiff's Complaint in light of the foregoing authorities, we agree with Defendants' assertions that all of Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The most charitable view of Plaintiff's allegations leaves us with the following: A railing in a power plant fell and struck Plaintiff on the head, causing what could only have been a brief loss of consciousness given Plaintiff's other allegations, as well as subsequent headaches and neck pain; when Plaintiff was sent for treatment associated with his injury, he was provided Tylenol, but he was not afforded any sort of diagnostic scan; when Plaintiff wrote to institution's Superintendent regarding the incident, Plaintiff was blamed therefor. Significantly, Plaintiff has given us no indication that any of Defendants' actions or omissions rose to any greater level of culpability than that of negligence and medical malpractice,[3] and he quite simply fails to state any viable 42 U.S.C. § 1983 claim against any named Defendant.[4] See, e.g., Strackhouse, 920 F.2d at 1143; Singletary, 266 F.3d at 193 n.2.

---

[3] To be clear, we offer no opinion on whether Defendants' alleged actions actually constituted negligence and/or medical malpractice.

[4] Further, we fail to see how Plaintiff could amend his allegations to assert any viable claims for the same in light of the circumstances and applicable authorities.

Accordingly, we will grant Defendants' Motions to Dismiss (docs. 19, 22).

An appropriate Order closing this action shall issue on today's date.